**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SHANE PRESTENBACH**                         **CIVIL ACTION**

**VERSUS**                                            **NO: 20-983**

**PUBLIC BELT RAILROAD**
**COMMISSION FOR THE**
**CITY OF NEW ORLEANS ET AL.**               **SECTION: "H"**

## ORDER AND REASONS

Before the Court are Plaintiff's Motion for Partial Summary Judgment
on Liability (Doc. 33), and Plaintiff's Motion to Strike Witness and Exhibits
(Doc. 40). For the following reasons, the Motions are DENIED.

## BACKGROUND

Plaintiff Shane Prestenbach alleges that he sustained severe back
injuries when he was struck by a train on August 14, 2019 during the course
of his employment as a switchman for Defendant New Orleans Public Belt
Railroad Corporation ("NOPB"). Plaintiff alleges that at the time of the
accident he had positioned himself between two tracks in order to retrieve a
blinking light from the end of a train pulling into the rail yard. He alleges that
he was struck in the back by a train traveling on the track behind him. He

1

alleges that the train that struck him, the PB304 Job oil train (the "oil train"), was not illuminated and did not ring its bell or blow its whistle to give notice of its approach. Plaintiff has brought a claim under the Federal Employers' Liability Act ("FELA").

Plaintiff has moved for summary judgment on the issue of liability. In addition, Plaintiff filed a Motion to Strike Witnesses and Exhibits in response to Defendant's opposition to Plaintiff's Motion for Summary Judgment. Plaintiff asks this Court to exclude some of the evidence Defendant relied on in support of its opposition. This Court will consider each motion in turn.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

2

showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

### A. Motion to Strike

At the outset, the Court must consider Plaintiff's Motion to Strike evidence upon which Defendant relies in opposing Plaintiff's Motion for Summary Judgment. Specifically, Plaintiff moves (1) to strike Charles Rash as a witness and exclude any testimony or exhibit offered by him; and (2) to strike and exclude all NOPB Safety and Operating Rules that were produced by NOPB to Plaintiff for the first time after Plaintiff had taken the depositions of the NOPB's liability witnesses.

---

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

First, Plaintiff moves to strike Charles Rash as a witness and exclude any testimony or exhibit offered by him. Rash is an employee of BNSF Railway Company, the owner of the lead locomotive on the oil train, who was presented by BNSF to testify regarding video taken from the forward-facing camera affixed to the oil train. Plaintiff alleges that he repeatedly asked Defendant NOPB for production of this video and was told that the oil train did not have a camera and that no video existed. On April 9, 2021, BNSF responded to a subpoena duces tecum issued by Plaintiff and indicated that a portion of the video taken on the morning of the accident had been saved from the forward-facing camera on the oil train. Rash's testimony is favorable to Defendant as it suggests that Plaintiff was not injured as he claims.

At a deposition on April 12, 2021, the parties learned that a former employee of NOPB had reviewed the video some time before he left the company in March 2020. Defendant also learned that the video and other documents had been misfiled, and it produced the contents of the file to Plaintiff on April 20, 2021. On April 13, 2021, Plaintiff requested that BNSF present a witness to testify regarding the video. Despite BNSF's attempts to select a date for deposition or provide a declaration, Plaintiff ultimately abandoned this effort. Thereafter, Defendant requested that BNSF provide a declaration regarding the video. Charles Rash provided the declaration now attached to Defendant's opposition to Plaintiff's Motion for Summary Judgment. Plaintiff's Motion to Strike seems to suggest that Defendant was aware of the video and Rash's identity as a witness "but failed and/or refused

4

to identify him until after the close of discovery."[9] Plaintiff argues that Rash should not be permitted to testify or offer evidence because he was not identified on Defendant's March 16, 2021 witness list.

Plaintiff does not, however, provide any evidence that Defendant intentionally withheld the video or Rash from its witness list. Indeed, Defendant would have no motivation to hide the Rash's testimony because it is favorable to its defense. Evidence provided by Defendant shows that BNSF told it that no such video existed. There is no evidence to suggest that Defendant was aware of the existence of the video or Rash's testimony thereto prior to filing its witness list on March 16, 2021. In addition, out of an abundance of caution, NOPB listed a "Representative of BNSF" on its witness list. Accordingly, this Court does not find any ground for striking Rash as a witness or excluding his testimony.

Next, Plaintiff complains about Defendant's late production of the internal safety rules in effect on the date of the accident. Plaintiff alleges that in response to his request for production of the rules controlling at the time of the accident, Defendant provided NOPB's 2014 Safety and Operating Rules. Thereafter, Plaintiff took the depositions of several witnesses bearing on the issue of liability. Subsequent to the depositions, NOPB supplemented its discovery responses with the NOPB's 2018 Safety and Operating Rules, which it learned had replaced the 2014 rules and were in place at the time of the accident. The 2018 rules materially differ from the 2014 rules originally produced. Defendant's expert bases his opinions on the 2018 rules. Plaintiff

---

[9] Doc. 40.

asks this Court to exclude the later-produced rules because they were not produced until after he had completed depositions of the liability witnesses.

Defendant points out, however, that it supplemented its production with the 2018 rules on March 11, 2021—well before the April 16, 2021 close of discovery. Plaintiff had ample time to conduct discovery on these rules if he chose to do so. Defendant's supplement was in accordance with its obligations under Federal Rule of Civil Procedure 26(e), which requires a party to supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."[10] Plaintiff has not provided any evidence that Defendant knowingly withheld this information or that Defendant violated any rule of discovery. Accordingly, this Court does not find any ground to exclude this evidence. His Motion to Strike is denied.

### B. Motion for Summary Judgment

Next, Plaintiff argues that summary judgment on the issue of liability is appropriate where the crewmembers of the oil train each admitted violations of NOPB Operating and Safety Rules at the time of the alleged accident. NOPB's employees, Locomotive Engineer Joshua Conzonere, Conductor Brocke Clement, and Switchman Adam Trauth, were assigned to crew the oil train at the time of the alleged accident. Plaintiff alleges that, in connection with NOPB's internal investigation, Conzonere, Clement, and Trauth each acknowledged and admitted their responsibility for the incident and their failure to comply with NOPB's Safety and Operating Rules, including its

---

[10] FED. R. CIV. P. 26(e).

requirement that the bell and whistle should sound before a train begins to move. Conzonere further admitted in his deposition that he did not ring the bell or sound the whistle before the oil train departed on the morning of the accident.

In response, however, Defendant offers evidence that calls into question whether the accident occurred as Plaintiff describes—or at all. Defendant argues that no one witnessed the oil train strike Plaintiff, including the crewmembers in the oil train. Indeed, Conzonere testified that he did not see Plaintiff standing near the oil train at the time of the accident. In addition, Defendant submits Rash's declaration, which states that video evidence showed that Plaintiff was not standing where he claims to have been at the time of the accident. Neither the forward-facing camera affixed to the oil train nor the fixed cameras located in the rail yard captured the accident as Plaintiff describes. Immediately after the alleged accident, Plaintiff reported only that the oil train hit his backpack and did not allege an injury. Accordingly, there are genuine issues of material fact as to whether Plaintiff was standing where he claimed he was, whether he was struck by the oil train, and whether he sustained an injury. The issue of liability is therefore very much in dispute, and summary judgment is inappropriate.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Motions are DENIED.

7

New Orleans, Louisiana this 18th day of June, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**